IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DHC CORPORATION and DHC USA INCORPORATED**, | Civil Action No. _____ |
| Plaintiffs, | |
| v. | |
| **MEDICUBE and APR CO., LTD.**, | |
| Defendants. | |

# COMPLAINT

Plaintiffs DHC Corporation and DHC USA Incorporated (together, "DHC") bring this Complaint for trademark infringement and unfair competition against Defendants Medicube and APR Co., Ltd. regarding Defendants' improper use and infringement of DHC's federally protected trademarks.

## PARTIES

1. DHC Corporation is a corporation organized and existing under the laws of Japan, with a principal place of business located in Tokyo, Japan.

2. DHC USA Incorporated is a corporation organized and existing under the laws of California, with a principal place of business at 350 Old Silver Springs Road, Suite 100, Mechanicsburg, PA 17050 ("DHC USA"). DHC USA is registered to conduct business in the Commonwealth of Pennsylvania and is authorized to use and promote DHC Corporation's registered trademarks.

3. DHC Corporation works in conjunction with DHC USA to promote and sell DHC's products in the United States.

4. Medicube is a corporation organized and existing under the laws of California, with a principal place of business at 41 Greenfield, Irvine, California 92614.

5. APR Co., Ltd. is a limited liability company organized and existing under the laws of the nation of South Korea, with a principal place of business at 36F, Lotteworld Tower, 300 Olympic-ro, Songpa-gu, Seoul 05551, South Korea.

6. APR Co., Ltd. is the parent company of Medicube and owns and operates Medicube.

7. Medicube, as a subsidiary of APR Co., Ltd., is an agent of APR Co., Ltd.

8. As the owner and operator of Medicube, APR Co., Ltd. controls the operation of Medicube by, *inter alia*, presiding and having authority over Medicube's strategic business decision making and integrating Medicube's decision making with that of APR Co., Ltd.

9. APR Co., Ltd. is the alter ego of Medicube based on APR Co., Ltd.'s substantial control over and operation of Medicube. Given their integrated operation and decision making, Medicube and APR Co., Ltd. are collectively referred to as "Medicube."

## JURISDICTION AND VENUE

10. This is an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and common law.

11. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1131, 1132, and 1138.

12. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law pursuant to 28 U.S.C. § 1367(a) because these state law claims are so related to DHC's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

13. This Court has personal jurisdiction over Medicube because Medicube conducts continuous and systematic business within the Commonwealth of Pennsylvania through, *inter alia*, Medicube's commercial and interactive website: https://medicube.us/.

14. Medicube's interactive website is designed and intended to reach customers in Pennsylvania, including in the Middle District of Pennsylvania.

15. Purchasers from Pennsylvania are able to place orders and purchase Medicube's products, including the infringing products, through Medicube's interactive website by placing the products into an online cart and having the products shipped to the purchasers' addresses within Pennsylvania.

16. Medicube's website automatically populates a Pennsylvania address on the check-out page after a customer begins inserting it.

17. Moreover, Medicube also sells infringing products via the websites of other retail platforms such as Ulta Beauty and Massage Kingdom Spa, and both similarly permit customers, including Pennsylvania-based customers, to order the infringing products for shipment directly to their home addresses in Pennsylvania.

18. Medicube has also committed acts of trademark infringement and unfair competition in this District by offering its goods for sale in commerce and selling those infringing goods in this District through its website.

19. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391.

20. Medicube's acts of trademark infringement and unfair competition occurred in this District, and DHC suffered harm from Medicube's infringement and unfair competition in this District.

## FACTUAL BACKGROUND

21. DHC is a leading global provider of personal care products, beauty supply products, and cosmetics and has been transnationally engaged in the business of manufacturing, supplying, and selling its products, as well as rendering services related thereto, since 1980.

22.   DHC's high quality brands are sold in multiple trade channels, including, but not limited to, numerous domestic and international internet websites, catalogs, and authorized retail stores.

23.   A popular and well-known product line sold by DHC is its DEEP CLEANSING OIL facial cleanser and make-up remover, comprised of a unique water-soluble formula that dissolves dirt and cosmetics while nourishing the user's complexion with antioxidant-rich oils.

24.   As a result of the longstanding use of the name DEEP CLEANSING OIL in the marketplace, DHC has taken steps to protect DEEP CLEANSING OIL by, *inter alia*, securing numerous United States trademark registrations, including U.S. Reg. Nos. 4,430,760 and 4,248,559, which remain in full force and effect (collectively, the "DHC Marks").  True and correct copies of each registration are attached together as Exhibit 1.

25.   These trademarks are registered to DHC, and DHC has exclusive rights to the DHC Marks in connection with facial cleansers and make-up remover.

26.   The registrations are incontestable and serve as conclusive evidence of each mark's validity, and DHC's exclusive ownership and right to use the DHC Marks in connection with "Facial cleansers; Make-up remover," pursuant to 15 U.S.C. § 1115(b).  *See* Exhibit 1.

27. Notwithstanding DHC's established standing in the marketplace, DHC became aware of activities carried out by Medicube, a skincare product manufacturer, that risk serious harm to DHC's DEEP CLEANSING OIL brand.

28. Medicube is, according to its website, "Korea's No.1 Beauty Device Brand, Leading the Skin Tech Revolution," with a mission to "deliver next-level, professional-grade skincare powered by Korean innovation." https://medicube.us/pages/brandstory (last visited September 3, 2025).

29. Through its website, Medicube sells products it calls "Zero Pore Blackhead Deep Cleansing Oil" and "Zero Pore Deep Cleansing Oil 20ml." In doing so, Medicube is advertising products with names confusingly similar to the DHC Marks.

30. Examples of Medicube's confusingly similar and infringing use of the DHC Marks are set forth in, *inter alia*, Exhibit 2, and can be found on Medicube's website at https://medicube.us/products/zero-pore-blackhead-deep-cleansing-oil (last visited September 3, 2025) and https://medicube.us/products/gift-zero-deep-cleansing-oil-20ml?_pos=2&_sid=2d650a82a&_ss=r (last visited September 3, 2025.)

31. In addition to advertising and promoting the infringing products on Medicube's website, the "Zero Pore Blackhead Deep Cleansing Oil" is available for purchase on multiple retail platforms including Ulta Beauty and Massage Kingdom

Spa. *See* https://www.ulta.com/p/zero-pore-blackhead-deep-cleansing-oil-pimprod2053533?sku=2645354 (last visited September 3, 2025); https://www.massagekingdomspa.com/product-page/medicube-zero-pore-blackhead-deep-cleansing-oil (last visited September 3, 2025).

32. The goods sold by DHC and Medicube are similar; travel in the same channels of trade; and are likely to be displayed to consumers under circumstances giving rise to a perception that the goods emanate from the same source.

33. Based on this type of unauthorized use of the DHC Marks, Medicube is attempting to convert the goodwill DHC has established for Medicube's own benefit; thereby diluting the distinctiveness of DHC's DEEP CLEANSING OIL brand and creating an association with inferior products.

34. On February 19, 2025, DHC sent the first of multiple letters to Medicube demanding that Medicube cease-and-desist all use of the name "DEEP CLEANSING OIL," or any confusingly similar names, marks, or designs that collectively incorporate the terms "DEEP," "CLEANSING," and/or "OIL" including through, *inter alia*, the display of the marks on any website, social media platform, domain names, meta tags, and/or keyword search terms. True and correct copies of the February 19, 2025 letter and a subsequent July 16, 2025 letter are attached together as Exhibit 3.

35. DHC additionally sent follow-up emails to Medicube on March 26, 2025, April 28, 2025, and June 17, 2025 demanding a formal response to DHC's February 19, 2025 cease-and-desist letter. True and correct copies of DHC's follow-up emails are attached together as Exhibit 4.

36. Notwithstanding DHC's multiple letters and follow-up emails, Medicube failed to substantively respond to DHC and, instead, provided only generic acknowledgements of receipt of DHC's correspondence. True and correct copies of Medicube's generic responses are attached together as Exhibit 5.

37. After more than six (6) months of delay, Medicube sent a letter to DHC improperly rejecting DHC's position, further demonstrating Medicube's willful infringement of the DHC Marks.

38. Medicube's unauthorized use of the DHC Marks in the same marketplace constitutes infringement in violation of the Lanham Act, 15 U.S.C. § 1114, and also constitutes unfair competition under both federal and state law, and entitles DHC to, *inter alia*, permanent injunctive relief, the recovery of compensatory and exemplary damages, disgorgement of profits Medicube has realized through Medicube use of the DHC Marks, and reimbursement of attorneys' fees. *See* 15 U.S.C. §§ 1116-1117.

## COUNT I – TRADEMARK INFRINGEMENT

39. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

40. This is a claim for trademark infringement of DHC's federally registered marks in violation of 15 U.S.C. § 1114.

41. The use of the DHC Marks by Medicube is likely to cause confusion with DHC's registered marks regarding the source of Medicube's goods and regarding Medicube's affiliation with or sponsorship by DHC.

42. DHC is the owner and authorized user of federal registrations for the DHC Marks, which are valid and subsisting and, accordingly, priority is not an issue.

43. Medicube's marks do not create a distinct and novel commercial impression but rather copy the commercial impressions of the DHC Marks.

44. The design elements and design marks used on Medicube's website do not obviate any likelihood of confusion because Medicube is advertising with marks and a name that are substantially similar to the DHC Marks; the goods sold by DHC and Medicube are similar; travel in the same channels of trade; and are likely to be displayed to consumers under circumstances giving rise to a perception that the goods emanate from the same source.

45. Medicube's goods offered under the "Zero Pore Blackhead Deep Cleansing Oil" and "Zero Pore Deep Cleansing Oil 20ml" names and marks, and

DHC's goods offered under the DHC Marks, are offered to overlapping classes of customers in overlapping markets through overlapping channels of trade.

46. Members of the relevant public and trade are likely upon seeing Medicube's products to incorrectly assume that Medicube's goods are offered or rendered by, under license from, or in affiliation with, DHC.

47. Use of the DHC Marks by Medicube violates DHC's rights in the registered DHC Marks.

48. DHC cannot control the nature of the quality of the goods offered by Medicube, and the continued use of such marks and names irreparably damages DHC and the goodwill DHC has established for the registered DHC Marks.

49. The continued intentional use of the marks and name by Medicube is willful, undertaken and continued in bad faith, and constitutes trademark infringement under 15 U.S.C. § 1114.

50. As a result of these wrongful acts, DHC is entitled to permanent injunctive relief prohibiting Medicube from using the DHC Marks or any variation thereof, and/or any marks confusingly similar to DHC's registered DHC Marks and names in accordance with 15 U.S.C. § 1116, and/or any other confusingly similar marks or designs that collectively incorporate the terms "DEEP," "CLEANSING," and/or "OIL," and to recover all damages DHC has sustained as a result of Medicube's infringing acts in an amount not yet known, all gains, profits, and

advantages obtained by Medicube as a result of their infringing acts, enhanced damages and profits, as well as reasonable attorney's fees and the costs of this action, together with prejudgment and post-judgment interest pursuant to 15 U.S.C. § 1117(a).

51. This is an exceptional case justifying the award of attorney's fees under Section § 1117(a).

52. DHC has no adequate remedy at law.

## COUNT II – UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)

53. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

54. This is a claim for unfair competition in violation of 15 U.S.C. § 1125(a).

55. Medicube's uses of the "Zero Pore Blackhead Deep Cleansing Oil" and "Zero Pore Deep Cleansing Oil 20ml" marks and names are confusingly similar to the DHC Marks in sound, appearance, and commercial impression.

56. Such uses unlawfully exploit the commercial value DHC has developed in the DHC Marks and is likely to cause confusion, or to cause mistake, or to deceive regarding Medicube's affiliation or association with DHC and regarding the sponsorship or approval of Medicube's goods and/or services by DHC.

57. DHC is the owner and authorized user of the DHC Marks.

58. Medicube's uses of the marks and name are substantially similar to the DHC Marks and do not create a distinct and novel commercial impression; but rather incorporate the commercial impressions of the DHC Marks, especially because DHC is a known provider and retailer of DHC's DEEP CLEANSING OIL facial cleanser and make-up remover, and related goods.

59. The design elements in Medicube's products do not obviate any likelihood of confusion because they do not change the commercial impression of the word portion of the mark and name "Deep Cleansing Oil."

60. Medicube's products using the "Zero Pore Blackhead Deep Cleansing Oil" and "Zero Pore Deep Cleansing Oil 20ml" marks and names are offered to overlapping classes of customers as the products containing the DHC Marks and offered in overlapping markets through overlapping channels of trade.

61. Medicube's use is likely to cause and is causing DHC substantial and irreparable injury, depriving DHC of the right to control the use of the DHC Marks and to determine the manner in which the DHC Marks are represented to the general public.

62. Medicube's use of the DHC Marks in connection with its skincare goods is in bad faith, willful, and intentional, and constitutes unfair competition under 15 U.S.C. § 1125(a).

63. As a result of these wrongful acts, DHC is entitled to permanent injunctive relief prohibiting Medicube from using the DHC Marks and any other marks confusingly similar to the DHC Marks and names, in accordance with 15 U.S.C. §1116, and/or any other confusingly similar marks or designs that collectively incorporate the terms "DEEP," "CLEANSING," and/or "OIL," and to recover all damages that DHC has sustained and will sustain, and all gains, profits, and advantages obtained by Medicube as a result of Medicube's infringing acts in an amount not yet known, as well as the costs of this action, pursuant to 15 U.S.C. § 1117(a).

64. This is an exceptional case justifying the award of attorneys' fees under Section 1117(a).

65. DHC has no adequate remedy at law.

### COUNT III – COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

66. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

67. DHC is the owner and registrant of the DHC Marks and authorized to use the DHC Marks.

68. DHC has the right to enforce the DHC Marks.

69. Medicube is not authorized to use the DHC Marks or any variation thereof, including, *inter alia*, the use of "Zero Pore Blackhead Deep Cleansing Oil,"

"Zero Pore Deep Cleansing Oil 20ml," or any mark confusingly similar to the DHC Marks.

70. The DHC Marks are inherently distinctive.

71. Medicube sells, promotes, and offers for sale its goods using the "Zero Pore Blackhead Deep Cleansing Oil" and "Zero Pore Deep Cleansing Oil 20ml" marks in violation of and with knowledge of DHC's rights to the DHC Marks for the purpose of trading upon DHC's goodwill and reputation.

72. Medicube's use of the DHC Marks constitutes a willful and intentional infringement of DHC's common law trademark rights in the DHC Marks and is likely to cause confusion, mistake, and deception as to source, affiliation, or sponsorship with DHC.

73. DHC has been harmed by Medicube's wrongful acts.

74. DHC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DHC Corporation and DHC USA, Incorporated respectfully request that this Court:

1. Enter judgment in their favor and against Medicube on all counts in the Complaint;

2. Permanently enjoin and restrain Medicube, its agents, employees, and all other persons in active concert or participation with Medicube and that receive actual notice of this injunction from:

   a. Use and registration of the DHC Marks and any mark or name which contains or comprises any element of the DHC Marks in connection with facial cleansers, make-up remover products, and any related goods, services and/or business;

   b. Use and registration of the DHC Marks and any mark or name which contains or comprises any element of the DHC Marks in connection with any online activity or social media accounts, and to take steps to remove, cancel, or surrender all domain names, email addresses, Internet keywords, social media usernames, Facebook pages, Twitter/X pages, Instagram pages, LinkedIn pages, YouTube posts or pages, and any other online presence that incorporates or references the DHC Marks; and

   c. Engaging in any other conduct that causes, or is likely to cause, confusion, mistake, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of their goods or services with DHC, DHC's goods, services, and/or business, or the DHC Marks;

3. Order an accounting against Medicube for:

   a. All profits received from the sale of goods or services, directly or indirectly, in connection with, advertised, or promoted in any manner, by or through the use of the marks and names "Zero Pore Blackhead Deep Cleansing Oil" and "Zero Pore Deep Cleansing Oil 20ml;"

   b. Damages sustained by DHC on account of Medicube's trademark infringement, unfair competition, and false designation of origin;

   c. Treble damages, where appropriate; and punitive damages to deter such actions in the future.

4. Award DHC damages in excess of $75,000 as well as the costs of this suit, including reasonable attorneys' fees and expenses, and including all fees and costs incurred in the collection and enforcement of any judgment subsequently obtained, with prejudgment and post-judgment interest pursuant to 15 U.S.C. § 1117;

5. Award an enhancement of damages to a sum not exceeding three (3) times actual damages as a result of Medicube's willful and improper use of the marks confusingly similar to the DHC Marks; and

6. Grant such further relief as this court deems just and appropriate.

Respectfully submitted,

Dated: September 3, 2025  **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

*/s/ Adam M. Shienvold*
Adam M. Shienvold, Esq. (PA Bar I.D. No. 81941)
213 Market Street, 8th Floor
Harrisburg, PA 17101
T: (717) 237-6000
F: (717) 237-6019
ashienvold@eckertseamans.com

Louis A. DePaul, Esq. (PA Bar I.D. No. 93873)*
Christopher S. Winkler, Esq. (PA Bar I.D. No. 328895)*
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
T: (412) 566-6051
F: (412) 566-6099
ldepaul@eckertseamans.com
cwinkler@eckertseamans.com

*Counsel for Plaintiffs*

*Pro Hac Vice Admission Forthcoming*